**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANDHEER SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-72170

Agency No. A206-100-964

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2020**
San Francisco, California

Before:  WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,***
District Judge.

Mandheer Singh, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals (Board) affirming the Immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Judge's (IJ) denial of his application for asylum, withholding from removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. section 1252(a)(1). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding, which the Board affirmed. In finding Singh not credible, the IJ offered "specific cogent" reasons and based his finding on the "totality of circumstances." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citation omitted). The IJ's adverse credibility finding was "supported by omissions" of "new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application.'" *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016), *quoting Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

In particular, the IJ and Board relied on Singh's omissions from his four-page declaration that the Punjabi police searched for him while he lived with his great-uncle in Rajasthan, India and after he left India for the United States. The IJ and Board also relied on Singh's failure to make those allegations during his direct examination at the merits hearing. For example, when asked if anything had happened while he was in Rajasthan to make him fear for his safety, Singh testified that he was worried about the "possibility" that he would be found. Yet, Singh testified at the close of cross-examination, and only after being prompted by the IJ, that the Punjabi police had actually searched for him while he lived in Rajasthan.

Because Singh's claim for asylum was based on his fear that the Punjabi police would target him if he returned to India, the Board reasonably concluded that Singh had omitted allegations "crucial to establishing" whether he would be "persecuted for [his] political opinion." *Kin v. Holder*, 595 F.3d 1050, 1057 (9th Cir. 2010).

The Board did not err in rejecting Singh's explanation for his omissions. Singh testified that his declaration was meant to provide the "main points" and that he expected to be asked about the incidents by the IJ at the merits hearing. However, an applicant's belief that it is "not necessary" to include an allegation because it "would be discussed at the [merits] hearing" is "not persuasive enough to compel the conclusion that the omissions were immaterial." *Id.*

This is not a case in which the petitioner had a "plausible and understandable confusion about the relevance [of the omitted incident] to his own claim of persecution" or "gave a plausible and compelling explanation for the omission." *Lai v. Holder*, 773 F.3d 966, 974 (9th Cir. 2014). Instead, Singh's explanation was entirely implausible "in light of the importance of the omitted incidents to his asylum claim." *Zamanov*, 649 F.3d at 974 (citation omitted).

In addition, the IJ was not required to provide Singh with notice and opportunity to produce evidence corroborating the affidavits of his father and his former village leader. *See Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011). The IJ relied on Singh's own omissions in his declaration and direct testimony at the

merits hearing in making an adverse credibility finding. Because that ground is independently "supported by substantial evidence," we "defer to the IJ and [Board]'s adverse credibility determination." *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016).

Because Singh was not credible, he was not eligible for asylum. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh was not eligible for asylum, he failed to meet the more stringent standard for withholding of removal. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation.") (citation omitted). We therefore deny Singh's petition for review of the Board's decision as to his asylum and withholding of removal claims.

The Board also did not err in affirming the IJ's denial of Singh's CAT claim. Singh's appeal from the Board's denial of his CAT claim is solely based on what he contends was an erroneous adverse credibility determination. Because the record does not compel reversal of the adverse credibility finding, the record likewise does not compel reversal of the Board's denial of the CAT claim.

Because we affirm the Board's decision and deny Singh's petition in all respects, we decline to reach the IJ's alternative holding that Singh could reasonably relocate within India. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

4

**PETITION DENIED.**